UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAZARO DESPAIGNE BORRERO,

    Plaintiff,

v.

JOAN N. ERICKSEN,
United States District Judge,

    Defendant.

Civil File No. 07-1814 (RHK/FLN)

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate, has filed a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint cannot survive the initial screening process prescribed by § 1915A. The Court will therefore recommend that this action be summarily dismissed.

**I. BACKGROUND**

Plaintiff's current lawsuit stems from a federal criminal case that was brought against him in this District in 2003 – <u>United States v. Borrero</u>, Crim. No. 03-281 (1) (JNE/JGL). In May 2004, a jury found Petitioner guilty of possession with intent to distribute crack

---

[1] Plaintiff did not pay the $350.00 filing fee required for this action, (<u>see</u> 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed <u>in forma pauperis</u>, ("IFP"). (Docket No. 2.) By order dated April 10, 2007, (Docket No. 5), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $3.60, as required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (he actually tendered only $3.50, but the Court will overlook the $0.10 shortage), so this case is now ripe for § 1915A screening.

cocaine. Petitioner was originally sentenced to 262 months in federal prison, but that sentence was set aside on direct appeal, and he was later re-sentenced to 210 months in prison. Petitioner is currently serving his sentence at the Federal Correctional Institution in Pekin, Illinois.

Plaintiff is now attempting to sue the federal judge who presided over his federal criminal case – United States District Court Judge Joan N. Ericksen. Plaintiff claims that Judge Ericksen violated his federal constitutional rights in numerous ways during the course of his criminal case. He specifically alleges that:

(i) Judge Ericksen allowed the prosecution to introduce "bogus evidence" during his trial, (Complaint, p. (3), ¶ 3);

(ii) Judge Ericksen is a "'highly racist individual,'" who has sentenced him, and other "Black and Hispanic minority offenders," "disproportionatedly" [sic], and "in excess to the maximum authorized by law," (id., p. (4), ¶ 5);

(iii) Judge Ericksen conspired with the prosecution to "maliciously and intentionally [fraudulent] alter[ ] the Jury instructions," (id., p. (4), ¶ 6);

(iv) Judge Ericksen deprived him of his right to confront witnesses who testified against him, (id.);

(v) Judge Ericksen denied his requests for a new lawyer, and thereby deprived him of his right to effective assistance of counsel, (id., pp. (4)-(5), ¶ 7);

(vi) Judge Ericksen deprived him of his right to an impartial jury, by "allow[ing] a Jury Pool [that was] racially biased," (id., p. (5), ¶ 8);

(vii) Judge Ericksen arbitrarily denied his motion to dismiss the criminal complaint, because he is a "Black Hispanic from Cuba," and his attorney was "Black from Nigeria,

Africa," (id., p. (6), ¶ 10);

(viii) Judge Ericksen allowed the prosecution to taint and infect the jury with prejudice, (id., ¶ 11);

(ix) Judge Ericksen "maliciously and intentionally shifted the burden of proof... by way of malicious jury instructions," (id., p. (7), ¶ 12); and

(x) Judge Ericksen sentenced him "illegally," because she "abused her 'Judicial Power' and discretion," and acted on the basis of "racism," "biasness" [sic], "revenge," and "retaliation," (id., p. (7), ¶ 16).

The complaint is filled with numerous additional vague and vituperative allegations of judicial misconduct on the part of Judge Ericksen – all of which are directly related to Plaintiff's federal criminal case. Plaintiff claims that he has been wrongly convicted and incarcerated as a result of Judge Ericksen's alleged misconduct, and he is seeking an award of damages in the amount of $1,000,000.00 for each month of his confinement.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Subsection 1915A(a) requires federal courts to review the initial pleading in every prisoner civil rights action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the prisoner's pleading fails to state a cognizable claim, or presents claims that are barred by immunity, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1) and (2).

In this case, all of Plaintiff's claims are clearly barred by the doctrine of judicial immunity. It is well-settled that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge is being sued for actions that were not taken in the judge's judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." Mireles, 502 U.S. at 11-12.

Here, it is readily apparent that Plaintiff is attempting to sue Judge Ericksen based solely on actions allegedly taken in her capacity as a federal judge. All of Plaintiff's claims stem directly from Judge Ericksen's actions during the course of Plaintiff's federal criminal case, and all of those actions were taken in her judicial capacity. It is equally evident that Plaintiff's criminal case was within Judge Ericksen's jurisdictional authority. Plaintiff was charged with a federal crime that allegedly was committed in Minnesota; the charges against him were properly prosecuted and adjudicated in the federal District Court for the District of Minnesota; and the case was properly presided over by a duly appointed federal district court judge – Judge Ericksen. Thus, despite Plaintiff's conclusory arguments to the contrary, Judge Ericksen did not act "in the complete absence of jurisdiction" in Plaintiff's criminal case.

Plaintiff apparently believes that the doctrine of judicial immunity can be overcome if a claimant accuses a judge of bias, malice, retaliation, or other serious misconduct, and uses ample invective in his pleading. That is not so. "[J]udicial immunity is not overcome

by allegations of bad faith or malice." Mireles, 502 U.S. at 11.  An action taken by a judge in her judicial capacity "does not become less judicial by virtue of an allegation of malice or corruption of motive." Forrester v. White, 484 U.S. 219, 227 (1988).  The Supreme Court has explicitly held that "immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson, 386 U.S. at 554.

Thus, the Court concludes that, despite all of Plaintiff's bitter accusations against Judge Ericksen, he is unable to overcome the Judge's immunity from being sued for actions taken during the course of Plaintiff's criminal case.  This action must therefore be dismissed based on judicial immunity.[2]

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed pursuant to § 1915A(b).  The Court will also recommend that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff will

---

[2] The Court notes that even if Plaintiff could overcome Judge Ericksen's judicial immunity, this action would still have to be summarily dismissed, because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  According to Heck, a prisoner cannot bring a non-habeas civil lawsuit that would effectively "call into question the lawfulness of [his] conviction or confinement." Id. at 483.  "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.  Here, it is readily apparent that a judgment for Plaintiff on the claims presented in his current complaint would necessarily cast doubt on the validity of his federal criminal conviction. In fact, it appears that Plaintiff's overriding objective in this action is to invalidate his conviction, and recover $1,000,000.00 "for each and every month illegally served in prison." Thus, even if the doctrine of judicial immunity were not applicable here, this action still would have be dismissed pursuant to Heck.

CASE 0:07-cv-01814-RHK-FLN Document 11 Filed 06/04/07 Page 6 of 7

remain liable for the unpaid balance of the $350.00 filing fee.[3]  To date, he has paid only $3.50, so he still owes $346.50.  Prison officials will have to deduct that amount from Plaintiff's prison trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Because Plaintiff has failed to allege an actionable claim for relief, the Court will further recommend that his motion for appointment of counsel, (Docket No. 4), be denied.  See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

3), be **DENIED**;

    2. Plaintiff's motion for appointment of counsel, (Docket No. 4), be **DENIED**;

    3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

    4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $346.50, in accordance with 28 U.S.C. § 1915(b)(2); and

    5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: June 4, 2007
                                    s/ *Franklin L. Noel*
                                    FRANKLIN L. NOEL
                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.